# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:21-cv-00090-MR

ROBERT WILLIAMS,        )
                                 )
         Plaintiff,    )
                                 )
vs.                          )
                               )
                               )      **<u>ORDER</u>**
                               )
AARON LNU, et al.,      )
                               )
         Defendants.   )
_____ )

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983. [Doc. 1]. <u>See</u> 28 U.S.C. §§ 1915(e)(2); 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 6].

## I. BACKGROUND

Pro Se Plaintiff Robert Williams ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. Plaintiff filed this action on February 26, 2021, pursuant to 42 U.S.C. § 1983, naming as Defendants Aaron LNU,[1] identified as a Captain at Lanesboro Correctional Institution ("Lanesboro"); and FNU Hadley, identified as a Security Risk Group (SRG) Officer at Lanesboro, in

_____

[1] Plaintiff identifies this Defendant as "Captain Aaron," but does not specify whether his first or last name is Aaron. [<u>See</u> Doc. 1 at 1, 7].

their individual and official capacities. [Doc. 1 at 1, 7-8]. Plaintiff claims that his rights under the Eighth Amendment to the U.S. Constitution were violated by Defendants' deliberate indifference to a substantial risk of harm to Plaintiff. [Id. at 3]. Specifically, Plaintiff alleges as follows:

> On 1-14-18 at Lanesboro Correctional Institutional on Lee Unit – block 1C at 5:00 am I was stabbed nine times from behind while I was praying. After the 54 staples were removed I was released back to general population. On 3-10-18 while on Restricted Housing word was that I snitched on the inmate who stabbed me. I never told anyone who stabbed me because I never saw who did it. April, 5, 18 I went to SRG officer Hadley and Captain Aaron and explained to them both that word around the prison was that I snitched on the inmate who stabbed me which is a death sentence at Lanesboro. Seven inmates were stabbed from February to April of 2018 for the snitch label being placed on them. SRG officer Hadley assured me that he would speak with the correct gang members and clear my name.

> For two weeks straight all I was told from gang member after gangmember was I better get my name clear. On April, 25,-18 I went back to SRG officer Hadley and Captain Aaron office and explained to them both that I need my name cleared or I was going to get shot again. They both told me I was good they would clear my name. On May, 2, 18 while I sat in block 1-C on Lee Unit around 3 pm watching tv and inmate from another block stabbed me and cut me from behind. Stitches were used to close the wounds in my face, my ear, and my neck.

> Lanesboro CI had many assaults in which could have been avoided if staff did their job. Now I'm left with no feeling in my ear or the right side of

2

my face.

[Doc. 1 at 7 (errors uncorrected).

For relief, Plaintiff seeks monetary damages for his pain, suffering, and "permanent" injuries.  [Id. at 5].

## II.  STANDARD OF REVIEW

The Court must review Plaintiff's Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520

3

(1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." <u>Am. Mfrs. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 49-50 (1999).

"Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994) (quotation marks omitted). As such, the Eighth Amendment's Cruel and Unusual Punishments Clause imposes on prison officials "a duty . . . to protect prisoners from violence at the hands of other prisoners." <u>Id.</u> at 833 (quotation marks omitted). Still, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." <u>Id.</u> at 834. To state a claim for damages against a prison official for failure to protect from inmate violence, an inmate must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm,

4

(2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm.  Id. at 834.

The Court finds that, taking Plaintiff's allegations as true for the purposes of initial review, and construing all inferences in Plaintiff's favor, Plaintiff's Eighth Amendment individual capacity claims against Defendants based on the failure to protect survive initial screening under 28 U.S.C. § 1915(e).

Plaintiff also purports to sue Defendants, who are state officials, in their official capacities.  However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."  Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies.  See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003).  As such, Plaintiff's claims against Defendants in their official capacities do not survive initial review and will be dismissed.

## IV.  CONCLUSION

In sum, Plaintiff's Eighth Amendment individual capacity claims against Defendants based on their failure to protect survive initial review.

This Court recently enacted Local Rule 4.3, which sets forth a procedure to waive service of process for current and former employees of the North Carolina Department of Public Safety ("NCDPS") in actions filed by North Carolina State prisoners. In light of the Court's determination that this case passes initial review in accordance with this Order, the Court will order the Clerk of Court to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant Aaron LNU, identified as a Captain at Lanesboro Correctional between April 5, 2018 and May 2, 2018; and Defendant FNU Hadley, identified as a Correctional Officer at Lanesboro during that time, and therefore current or former employee of the NCDPS.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Eighth Amendment claims against Defendants in their individual capacities survive initial review in accordance with this Order and Plaintiff's claims against Defendants in their official capacities are **DISMISSED**.

The Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants, who are alleged to be current or former employees of NCDPS as set forth above.

Signed: March 29, 2021

**IT IS SO ORDERED**.

Martin Reidinger
Chief United States District Judge