UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00090-MR

| | |
|---|---|
| ROBERT WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>) **ORDER**<br>)<br>DAVID AARON, et al., )<br>)<br>Defendants. )<br>_____ ) | |

**THIS MATTER** is before the Court sua sponte on Plaintiff's "Show Cause Response." [Doc. 23].

Pro se Plaintiff Robert Williams ("Plaintiff") is a prisoner of the State of North Carolina currently housed in Alexander Correctional Institution in Taylorsville, North Carolina. Plaintiff filed this action on February 26, 2021, pursuant to 42 U.S.C. § 1983, naming as Defendants David Aaron and FNU Hadley. [Doc. 1]. Plaintiff's Complaint survived initial review in accordance with the terms of the Court's Order. [Doc. 8]. Defendant Hadley waived service. [Doc. 16]. The North Carolina Department of Public Safety (NCDPS), however, was unable to obtain a waiver of service from Defendant Aaron for the reasons stated in Docket No. 17, which was filed under seal. [Doc. 17]. On June 3, 3021, the Court, therefore, ordered the U.S. Marshal

to use reasonable efforts to locate and obtain service on Defendant Aaron in accordance with Fed. R. Civ. P. 4 using the last known address provided in Docket No. 17. [Doc. 18]. On August 9, 2021, the unexecuted summons for Defendant Aaron was filed. [Doc. 21]. The unexecuted summons reflects that two attempts at service were made and that the summons was returned unexecuted and unclaimed on July 6, 2021. [Id.]. As such, Defendant Aaron remains unserved.

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. Under Rule 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court---on motion or on its own motion after notice to the plaintiff---must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The service period in Rule 4(m) is tolled while the district court considers an *in forma pauperis* complaint. Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010). Initial review in this case occurred on March 30, 2021. [Doc. 8]. Plaintiff, therefore, had until June 28, 2021 to serve Defendant Aaron.

On August 26, 2021, the Court entered an order pursuant to Rule 4(m) requiring Plaintiff to show good cause for his failure to timely serve Defendant Aaron. [Doc. 22]. The Court notified Plaintiff that it would dismiss Defendant Aaron without prejudice unless, within fourteen (14) days of that Order, the Plaintiff showed good cause for his failure to serve him. [Id.].

On September 10, 2021, Plaintiff filed a response to the Court's show cause Order. [Doc. 23]. In his response, the Plaintiff states Defendant's "last known whereabouts" are "unknown due to the material fact that he was fired by the Department of Public Safety for similar constitution violations like ones in Plaintiff's claim." [Id. at 1]. Plaintiff asks the Court "to extend the time for service for an appropriate time." [Id. at 2]. Plaintiff does not assert that he has undertaken any efforts to further obtaining service on Defendant Aaron, despite that service on Aaron is now more than two months overdue.

## II. DISCUSSION

"'Good cause' as used in Rule 4(m) refers to a legally sufficient ground or reason based on *all* relevant circumstances." Robinson v. GDC, Inc., 193 F.Supp.3d 577, 580 (4th Cir. 2016) (citing McDermott Int'l, Inc. v. Wilander, 498 U.S. 337, 342 (1991)).

> Courts within the Fourth Circuit found good cause to extend the [90]-day period when the plaintiff has made reasonable, diligent efforts to effect service on the defendant. This leniency especially holds true

3

Case 3:21-cv-00090-MR   Document 24   Filed 09/13/21   Page 3 of 5

> when factors beyond the plaintiff's control frustrate his or her diligent efforts. Thus, courts are more inclined to find good cause where extenuating factors exist such as active evasion of service by a defendant or stayed proceedings that delay the issuance of a summons.
>
> At a minimum, inadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service generally are insufficient to show good cause. While a court might take a plaintiff's *pro se* status into consideration when coming to a conclusion on good cause, neither *pro se* status nor incarceration constitute good cause.

McCoy v. Abbasi, No. 3:10CV875, 2012 WL 4933301, at *1 (E.D. Va. Oct. 16, 2012) (internal citations and quotation marks omitted).

Here, Plaintiff has failed to state good cause for his failure to serve Defendant Aaron. Plaintiff filed this action while incarcerated based on alleged constitutional violations by Defendants during Plaintiff's confinement at Lanesboro Correctional Institution. [Doc. 1]. As noted, the U.S. Marshal unsuccessfully attempted twice to effectuate service on Defendant Aaron on the Court's Order. Plaintiff has made no effort since that time to locate Defendant Aaron and, until now, has sought no extension of time to complete service. Plaintiff also fails to suggest that he will be able to serve Defendant Aaron any time in the foreseeable future and only states that Aaron's whereabouts are unknown. As such, any extension of the service period

would be futile, in any event, and the Court declines to exercise its discretion to enlarge the service period. See Robinson v. GDC, 193 F.Supp.3d at 581.

## III. CONCLUSION

Because Plaintiff has failed to show good cause for his failure to timely serve Defendant Aaron, the Court will dismiss Defendant Aaron without prejudice pursuant to Rule 4(m).

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant Aaron is hereby **DISMISSED WITHOUT PREJUDICE** as a Defendant in this matter.

**IT IS SO ORDERED**.

Signed: September 13, 2021

Martin Reidinger
Chief United States District Judge