UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-90-GCM

| ROBERT WILLIAMS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | ORDER |
|  | ) |  |
| DANIEL HATLEY, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court sua sponte.

The Plaintiff filed the Complaint pro se pursuant to 42 U.S.C. § 1983, addressing incidents that allegedly occurred at the Lanesboro Correctional Institution.[1] [Doc. 1]. The Complaint survived initial review on Plaintiff's claim against Defendant Daniel Hatley violated the Eighth Amendment by failing to protect him from being stabbed by other inmates.[2] [Doc. 8]. Defendant Hatley filed an Answer in which he raised as affirmative defenses, inter alia, that qualified immunity shields Defendant Hatley in his individual capacity (Second Defense), and that the Plaintiff failed to exhaust the available administrative remedies (Fifth Defense). [Doc. 26]. Neither party filed a dispositive motion. The matter was referred to a magistrate judge for a judicial settlement conference, but the parties reached an impasse. The matter is now scheduled for a jury trial beginning on Monday, January 22, 2024. The parties' Joint Statement of Issue for Trial includes the question: "Is Defendant entitled to qualified immunity regarding Plaintiff's

---

[1] Plaintiff is now represented by counsel.

[2] The Complaint also passed initial review against a second Defendant who was dismissed from this action for lack of service. [Doc. 24].

claim?" [Doc. 62]. Further, the Defendant notes in the Trial Brief that former counsel failed to file a dispositive motion in this matter, "even though there were meritorious defense that could have resulted in dismissal of this action without a trial." [Docs. 68, 76]. The Defendant argues in the Trial Brief that he is entitled to qualified immunity because he did not violate any clearly established right, and that the Plaintiff failed to exhaust his administrative remedies by failing to fairly raise the present claim in his prison grievance. [Doc. 68 at 3-8].

It appears that the Defendant has raised two affirmative defenses that present matters of law for the Court's consideration that would potentially preclude a trial in this matter. See generally Wood v. Moss, 502 U.S. 744, 755 n.4 (2014) (the Supreme Court has repeatedly "stressed the importance of resolving immunity questions at the earliest possible stage [of the] litigation"); Graham v. Gentry, 413 F. App'x 660, 663 (4th Cir. 2011) ("The [PLRA's] exhaustion requirement is mandatory, and courts lack the authority to waive [it].") (citing Porter v. Nussel, 534 U.S. 516, 532 (2002)). The Court determines that the most fair and expedient means of considering these legal matters is to hear argument from the parties to determine whether qualified immunity and/or lack of administrative exhaustion precludes a trial as a matter of law.[3] See Wadkins v. Arnold, 214 F.3d 535, 538 at n.4 (4th Cir. 2000) (recognizing that, insofar as no material disputes of fact exist, whether a defendant is entitled to qualified immunity is "solely a question of law"); Pritchett v. Alford, 973 F.2d 307, 312 (4th Cir. 1992) (the question of whether a right is clearly established is a question of law for the court to decide).

The parties shall, therefore, be prepared to address qualified immunity and administrative exhaustion on Monday, January 22, 2024, at 10:00, prior to jury selection in this case.

---

[3] The Court may also consider accepting limited appropriate evidence, if necessary.

**IT IS, THEREFORE, ORDERED** that the parties shall be prepared to address administrative exhaustion and qualified immunity prior to jury selection in this case on Monday, January 22, 2024 at 10:00 AM.

**IT IS SO ORDERED.**

Signed: January 18, 2024

Graham C. Mullen
United States District Judge